```
            UNITED STATES DISTRICT COURT
              DISTRICT OF NORTH DAKOTA
                 NORTHEASTERN DIVISION
```

In the Matter of the Search of:   )
6673 Highway 281                  )   File No. 2:06-cr-73
Oberon, North Dakota              )

**ORDER RE: MOTION TO AMEND SEARCH WARRANT ADDENDUM**

Facts

On April 12, 2006, this Court issued a search warrant, authorizing the United States to take possession of a certain computer, and to search for certain items on that computer. An Addendum to the warrant imposed certain requirements on the search of the computer's contents.[1] Those requirements included, *inter alia*, that the search be completed within 45 days from the date of the warrant, absent an extension for good cause.

On May 24, 2006, the United States filed a motion to amend the Addendum, seeking 1) an extension of the time allowed to conduct the search, 2) deletion of Paragraph 2 of the Addendum regarding reasonable efforts to avoid searching files, documents, or other information not identified in the warrant, and 3) modification of Paragraph 4 concerning return of certain information to the computer owner. On May 25, 2006, the United

---

[1] The Unites States' brief refers, in several instances, to the Addendum as "proposed" language. That reference is incorrect, since the language at issue was incorporated into the search warrant when this Court authorized the search.

States filed an amended motion. The amended motion asserted that, as of May 25, 2006, only three of eleven hard drives had been initially examined and that "thousands" of images of suspected child pornography were found on those hard drives. The United States requested that the Addendum be amended to require that the search be completed with "a reasonable amount of time," rather than within the timeframe specified by the warrant

To allow defense counsel time to respond to the United States' motion, on June 6, 2006, this Court stayed requirements of the Addendum pending further order of the Court. Defendant has now responded to the motion, asserting that the motion should be denied in all respects.

Time for Search Completion

In light of information presented by the United States, an additional extension of time for completion of the search is appropriate, though the indefinite extension which the government seeks is not appropriate. The computer has now been in the government's possession for approximately three months. The government will be allowed an additional thirty days from the date of this order, absent other orders of the court.

Search Methodologies to Avoid Searching Information Not Identified in Warrant

The paragraph at issue, Paragraph 2 of the Addendum,

provides as follows:

> In conducting the search authorized by this warrant, the government shall make reasonable efforts to utilize computer search methodology that avoids searching files, documents or other electronically stored information which is not identified in the warrant.

This Court has included the paragraph at issue in an Addendum to computer search warrants for some period of time, as have other magistrate judges in this district and in other districts. <u>See generally</u>, Materials on Electronic Discovery: Search and Seizure of Computers and Data in Criminal Cases, www.fjc.gov.

Other courts have recently determined that, in order to meet particularity requirements of the fourth amendment in the context of searches of computer hard contents, search warrants must address forensic search methodology. <u>See</u>, <u>e.g.</u>, <u>In re Search of 3817 W. West End, First Floor, Chicago, Il 60621</u>, 321 F. Supp. 2d 953 (N.D. Ill. 2004); <u>In re Search of the Premises Known as 1406 N. 2nd Avenue, Iron River, MI 49935</u>, 2006 WL 709036 (W.D. Mich. Mar. 17, 2006); <u>see also</u>, Rosenbaum, <u>In Defense of the Sugar Bowl</u>, 2006 Fed. Cts. L. Rev. 4 (June 2006), http://www.fclr.org/2006fedctslrev4.htm.

The government asserts that this Court should not direct the manner in which a computer forensic examination is conducted, and that the language of the Addendum would result in criminals being provided a "roadmap for hiding information from the

government."  As described by Judge Rosenbaum, computer search methodologies implicate fourth amendment privacy concerns:

> . . . Search warrants . . . are ex parte. . . . As a result it falls to the Courts to impose effective restraints on the scope of an electronic search.
>
> To do so a Court should require controls on the search terms to be examined.  Investigators should also operate under protocols aimed at the particular case under investigation.  To assure compliance with the Court's direction, it is appropriate for computer investigators to use keystroke-capturing devices or similar means to record the investigator's digital peregrinations and allow for judicial review.  These methods will allow the Courts to properly limit computer searches, as they are limited in the physical world.

Paragraph 2 of the Addendum requires that the government take reasonable steps to limit its search of the computer hard drives to those files authorized by the search warrant.  It does not prohibit a thorough search; it requires reasonable efforts to restrict the thorough search to that authorized by the warrant.  The government has not presented sufficient reason to remove that requirement from the Addendum.

Return of Copies of Computer Files to Owner

Finally, the United States challenges Paragraph 4 of the Addendum, which provides:

> In any circumstance not covered by paragraph three (3) above [which pertains to return of the computer if no items specified in the warrant are found], upon completion of the search the government shall promptly return to the owner of the computer copies of all files, documents or other electronically stored information that (a) has been searched but not seized by the government or (b) has not

>    been searched by the government because it was outside the
>    scope of the search authorized by this warrant.

The government asserts that, because of the volume of electronically stored information which may be involved, it would be burdensome to require that the information be copied and returned to the defendant. The government requests that the computer owner instead be required to specifically request copies of "non-offending files." Defendant requests that the return requirement not be amended.

The parties have not estimated the actual volume of electronically stored information involved in the instant case. The government has described storage space of a typical hard drive, but not of the specific hard drives involved. The estimate gives no information about how much information is actually involved.

This Court recognizes that the requirement for copying and returning certain electronically-stored information to Defendant results in some burden for the government. As Judge Rosenbaum observed, "This suggestion [that computer search protocols be specified by a court issuing a search warrant] complicates criminal investigations. So does the fourth amendment." The government has not presented sufficient reason to remove the requirement for return of copies of files searched but not seized, and of files not searched because it was outside the

scope of the search warrant.

For the foregoing reasons, **IT IS ORDERED**:

(1)  The time period provided in the Addendum to the April 12, 2006 search warrant shall be **EXTENDED** for thirty days from the date of this Order.

(2)  The motion to amend the Search Warrant Addendum is in all other respects denied.

Dated this 18th day of July, 2006.

_____
Alice R. Senechal
U.S. Magistrate Judge